IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREG'S GREATER CHICAGO CHIROPRACTIC, LLC, on behalf of plaintiff and the class members defined herein, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 15 C 1959 |
| v. | ) ) ) | Judge Shadur Magistrate Judge Kim |
| THE TERMINIX INTERNATIONAL COMPANY, LP and THE SERVICEMASTER COMPANY, LLC, and JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Greg's Greater Chicago Chiropractic, LLC ("Plaintiff") for Preliminary Approval of Class Action Settlement with defendants The Terminix International Company, LP ("Terminix") and The ServiceMaster Company, LLC (collectively, "Defendants") to issue notice to the Settlement Class came on for hearing on March 17, 2016.

The capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement which is attached as Appendix A to Plaintiff's Motion for Preliminary Approval (the "Settlement Agreement"). Having considered Plaintiff's moving papers, the signed Settlement Agreement and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

1

(a) The settlement proposed in the Settlement Agreement (the "Settlement") has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The class notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d) This Court finds that the class notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. For the reasons stated on the record, and in Plaintiff's Motion for Preliminary Approval, the settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons with Illinois fax numbers who, between June 1, 2014 through
> and including March 5, 2015, were sent unsolicited fax advertisements

from Terminix's branch office in Elmhurst, Illinois promoting Terminix services in the absence of an established business relationship, and which fax advertisements did not contain an opt-out notice as described in 47 U.S.C. § 227.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative (as defined below) are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court preliminarily appoints Plaintiff Greg's Greater Chicago Chiropractic, LLC as class representative of the Settlement Class ("Class Representative") and finds that it meets the requirements of Fed. R. Civ. P. 23.

4. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5. The Settlement Administrator shall be Dahl Administration, 6465 Wayzata Boulevard, Suite 420, Minneapolis, MN 55426.

6. The Settlement Administrator shall establish an account in the name of *Greg's Greater Chicago Chiropractic v. The Terminix International Company Settlement Amount* at

[identify bank] (the "Escrow Account"). The Escrow Account shall be held in *custodia legis* and remain subject to this Court's jurisdiction.

7. The Court orders Defendants to deposit the Pre-Effective Date Administration Costs into the Escrow Account within fourteen (14) days after entry of this Order, and that amount shall be deducted from the Settlement Amount.

8. If the Settlement Agreement is terminated pursuant to its terms prior to the Effective Date, then all other provisions of the Settlement Agreement shall be deemed null and void *ab initio* and without force or effect. In such event, the Settlement Agreement shall not be offered in evidence or used in this or any other Suit for any purpose, including the existence, suitability for certification, or maintenance of any purported class. In such event, the Settlement Agreement and all negotiations, statements, proceedings, and documents prepared in connection herewith (including all legal briefs and exhibits thereto) shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law and shall not be offered by anyone adverse to either or both of the Defendants for any purpose whatsoever in any Suit. In the event of such termination, all Parties to this Action shall stand in the same position as if this Settlement Agreement had not been negotiated, signed, or filed with the Court.

9. Within five (5) days of entry of this Order, Defendants' Counsel shall provide the Settlement Administrator with the Class List in the format(s) in which the Class List is maintained by Defendants in the ordinary course of their businesses.

10. The Settlement Administrator shall give notice to the Settlement Class of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed.

R. Civ. P. 23. That plan is approved and adopted and Settlement Class Counsel is ordered to ensure notice is issued to the Settlement Class as set forth in the Settlement Agreement.

11. The form of notice that the Settlement Administrator will provide is attached as <u>Exhibit A</u> to the Settlement Agreement with the amendments discussed at the hearing. By April 21, 2016, the Settlement Administrator is ordered to send the notice substantially in the form of <u>Exhibit A, with the amendments discussed at the hearing,</u> and a claim form substantially in the form of <u>Exhibit B</u> by facsimile to the last known fax number of each potential Class Member as this information has been retained by Terminix in the ordinary course of business. The Settlement Administrator shall make at least two attempts to transmit the notice by facsimile to those numbers where the initial transmission failed. If a Class Member's last known mailing address is reasonably identifiable from Terminix's business records, the Settlement Administrator shall also send by U.S. first-class mail <u>Exhibits A-B</u> to the Class Member's last known address. Prior to sending any Notices by U.S. Mail, the Settlement Administrator shall run the addresses through the National Change of Address database. Within 21 days of the date that notice was first sent by facsimile, the Settlement Administrator shall send the Class Notice and Claim Form by facsimile to each Class Member identified on the Class List who did not submit a Claim Form or otherwise respond to the Class Notice by that date ("Supplemental Notice"). The Settlement Administrator shall make at least two attempts to transmit the notice where the initial transmission failed. Plaintiff's Counsel will also publish <u>Exhibit A</u>, the Settlement Agreement, excluding exhibits, and the Petition for Attorney's Fees on <u>www.edcombs.com</u>. The Settlement Class Administrator may create a website which allows for the electronic submission of claim forms. Any website created by the Settlement Class Administrator, may also post <u>Exhibits A-B</u>, this order, the Settlement Agreement (excluding

5

exhibits), Plaintiff's Counsel's Petition for Attorney's Fees, and IRS Form W-9. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this Litigation. The Court finds that no other notice is necessary. The Settlement Administrator and/or Plaintiff's Counsel shall provide the Class Notice and/or the Claim Form to Settlement Class Members who request it.

12. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a) Claim Forms shall be returned by Settlement Class Members to the Settlement Administrator online, by fax, or by mail with a postmark on or before June 20, 2016. Claims not submitted by this date shall be barred. The risk of late or non-delivery lies solely with the Settlement Class Member.

(b) Objections of Settlement Class Members or any appearance of an attorney on behalf of a Settlement Class Member shall be filed in this Court and served by mail postmarked to Plaintiff's Counsel and Defendants' Counsel on or before June 20, 2016, or shall be forever barred. The risk of late or non-delivery lies solely with the Settlement Class Member. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address, (b) the fax number to which the Settlement Class Member was sent the fax by Defendants; (c) a statement of the objection to the Settlement Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c) All memoranda filed by any Settlement Class Member in connection with objections must be filed in this Court and served on Settlement Class Counsel and Defendants' Counsel by mail postmarked on or before June 20, 2016, or shall be forever barred. The risk of late or non-delivery lies solely with the Settlement Class Member.

(d) Requests by any Settlement Class Member to opt out of the settlement must be mailed to Plaintiff's Counsel or the Settlement Administrator on or before June 20, 2016, or shall be forever barred. The risk of late or non-delivery lies solely with the Settlement Class Member. A notice of intention to opt out must contain the following information: (a) the Settlement Class Member's name, address, and the fax number at which it was sent a fax from Defendants; and (b) a statement to the effect that the Settlement Class Member does not want to participate in the settlement.

13. The Settlement Administrator shall file an affidavit attesting to the fact that notice was issued in accordance with the Settlement Agreement by July 1, 2016.

14. Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than July 25, 2016.

15. Plaintiff's Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by July 22, 2016.

16. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on August 1, 2016 at 9:15 a.m.

17. All papers in support of the Settlement Agreement shall be filed no later than July 22, 2016. The parties shall propose a *cy pres* recipient by July 22, 2016. Any responses to

objections shall be filed with the Court on or before July 22, 2016. There shall be no replies from objectors. Plaintiff's Counsel shall file a fee petition on May 20, 2016.

18. Within 14 days after expiration of the deadline for Class Members to request exclusion from the Settlement Class, Plaintiff's Counsel or the Settlement Administrator shall furnish the Opt-Out List to Defendant's Counsel.

19. Any of the Defendants will have the option to terminate this Settlement, in its sole discretion if the number of requests for exclusion from the Settlement exceeds 4% of the persons in the Settlement Class. Defendants have 14 days from receipt of the final Opt-Out List in which to exercise, in their sole discretion, this right to terminate.

20. Pending the Final Judgment and Order, neither Plaintiff nor any Class Member shall either directly, representatively, or in any other capacity, commence or prosecute any action or proceeding in any court or tribunal asserting any Released Claims against any Released Parties unless such person has opted out of the Action according to the terms of the Settlement or this Court's order.

21. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

ENTER:

Dated: March 17, 2016

_____
United States District Judge