**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREG'S GREATER CHICAGO CHIROPRACTIC, LLC, on behalf of plaintiff and the class members defined herein, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 15 C 1959 |
| v. | ) ) | Judge Shadur Magistrate Judge Kim |
| THE TERMINIX INTERNATIONAL COMPANY, LP and THE SERVICEMASTER COMPANY, LLC, and JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

## FINAL JUDGMENT AND ORDER APPROVING THE CLASS SETTLEMENT

On March 17, 2016, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Greg's Greater Chicago Chiropractic, LLC ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants The Terminix International Company, LP and The ServiceMaster Company, LLC (collectively, "Defendants") as memorialized in the Settlement Agreement attached as Appendix A to Plaintiff's Motion for Preliminary Approval of Settlement (the "Settlement Agreement"). Capitalized terms used herein shall have the same meaning as in the Settlement Agreement.

On August 1, 2016, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court

seeking to address the settlement pursuant to the Settlement Agreement. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, Petition for Attorney's Fees, Corrected Petition for Attorney's Fees, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, the Escrow Account, and the claims asserted in the Action.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class set forth below (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons with Illinois fax numbers who, between June 1, 2014 through and including March 5, 2015, were sent unsolicited fax advertisements from Terminix's branch office in Elmhurst, Illinois promoting Terminix services in the absence of an established business relationship, and which fax advertisements did not contain an opt-out notice as described in 47 U.S.C. § 227, who are on the Class List.

5. The Court finds that certification of the Settlement Class solely for purposes of settlement is appropriate in that (a) the Settlement Class is so numerous that joinder of all

2

members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff will fairly and adequately protect the interests of the Settlement Class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate Settlement Class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Greg's Greater Chicago Chiropractic, LLC is designated as representative of the Settlement Class (the "Class Representative").

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

**Class Notice**

8. The class notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile and/or U.S. Mail to each Settlement Class Member who was identified on the Class List. Settlement Class Counsel also posted the Settlement Agreement (without exhibits), the Petition for Attorney's Fees, and notice on their firm's website, www.edcombs.com. The Class Notice, Claim Form, Preliminary Approval Order, Petition for Attorney's Fees, and Settlement Agreement (without exhibits) were also posted on

3

www.ElmhurstTerminixTCPASettlement.com.   These forms of class notice fully comply with

the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under

the circumstances, and are due and sufficient notice to all persons entitled to notice of the

settlement of this lawsuit.   A total of 45 valid and timely claim forms were submitted

representing 52 fax transmissions.

## Objections and Opt-Outs

10.     No objections were filed by Settlement Class Members.

11.     No person validly requested exclusion from the Settlement Class.

## Class Compensation

12.     In accordance with the terms of the Settlement Agreement, Defendants shall pay

$250,000.00 for the Settlement Amount, less any Pre-Effective Date Administration Costs, by

wire transfer into the Escrow Account within fourteen business days after the Effective Date.

The Settlement Amount shall be distributed in accordance with the parties' Agreement, this

Order, and any further order of the Court.

## Award of Attorneys' Fees and Incentive Award

13.     The Court has considered Settlement Class Counsel's application for attorneys'

fees and the corrected fee petition.   The Court awards Settlement Class Counsel the sum of

$80,333.33 as an award of attorneys' fees to be paid from the Settlement Amount thirty (30) days

after the Effective Date, and finds this amount of fees is fair and reasonable.

14.     The Court grants Settlement Class Counsel's request for an incentive award to the

Class Representative and awards $5,000.00 to Greg's Greater Chicago Chiropractic, LLC.   The

Court finds that this payment is justified by the Class Representative's service to the Settlement

4

Class. This payment shall be made from the Settlement Amount thirty (30) days after the Effective Date.

### Other Provisions

15.    The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

16.    Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order and Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

17.    Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Distributable Settlement Fund after all payments required under the Settlement Agreement have been made shall be equally distributed to the *cy pres* recipients, EPIC and LAF. Payment is due in accordance with the timing set forth in the Settlement Agreement.

18.    Settlement Class Counsel and the Settlement Administrator shall file a final accounting detailing the distribution of the Settlement Amount 30 days following any *cy pres* payments.

19.    Within 21 days of entry of this Order, the Settlement Administrator shall send a letter and W-9 forms to the Settlement Class Members who are entitled to recover more than

$599.99, explaining they are required to submit a W-9 form to the Settlement Class Administrator within 30 days of the date of the letter. Settlement Class Members to whom such letters are issued shall have 30 days after the date the letter was sent to respond and submit a completed a W-9 form to the Settlement Administrator. The Settlement Administrator shall withhold taxes on payments to Settlement Class Members who fail to timely submit a completed W-9 form

20.     The Settlement Administrator will begin disbursing the Distributable Settlement Fund within 30 days after the deadline to submit a W-9 form expires. The re-distribution of the Distributable Settlement Fund, if any, shall be sent 30 days following the expiration of the void date on the Settlement Class Members' checks.

21.     In the preliminary approval order, this Court ordered Dahl Administration to be the Settlement Administrator. The Settlement Administrator shall make all distributions to the Settlement Class Members pursuant to the terms of the Settlement Agreement and this Court's orders.

22.     The parties shall file a Stipulation of Dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) thirty (30) days after the Effective Date.

23.     Upon the Effective Date, the Settlement Class Members, on behalf of themselves, their predecessors, successors, assigns, beneficiaries, and additional insureds, shall be deemed to have, and by operation of this Order to have, fully, finally, and forever released, relinquished and discharged all claims, known and unknown, that they may have against the Released Parties, through the date of preliminary approval, under the TCPA, any comparable TCPA-like statutes of any state, and any other federal or state statutory or common law, and for relief under any equitable theory, or for prospective or retrospective relief that could have been asserted based on

6

or relating to the conduct alleged in the Amended Complaint. In addition, upon the Effective Date, the Settlement Class Members shall be deemed to have waived the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor.

24.     Settlement Class Counsel has waived, discharged and released the Released Parties of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Action.


ENTER:


Dated: _August 1, 2016_                    _Milton I. Shadur_
                                           United States District Judge


7